IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALISIA KELLEY; and JOHNNIE MAE KELLEY, Co-Administrators of the ESTATE OF BRUCE KELLEY JR., deceased, | Civil Action No. 17-1599 |
| Plaintiff, | *Electronically filed* |
| v. | |
| **BRIAN O'MALLEY**, both in his Official and Individual Capacities as Sergeant for the Allegheny County Port Authority; and **DOMINIC RIVOTTI**, in both his Official and Individual Capacities as Officer for the Allegheny County Port Authority, | **JURY TRIAL DEMANDED** |
| Defendants, | |

**STIPULATION AND PROTECTIVE ORDER GOVERNING
CONFIDENTIALITY OF DOCUMENTS AND INFORMATION**

Defendants by their undersigned counsel, and Plaintiffs by their undersigned counsel, hereby stipulate pursuant to Rule 26 of the Federal Rules of Civil Procedure and agree to the confidentiality of documents and information of the other party as follows:

1. This civil rights action is brought under the Fourth Amendment to the United States Constitution pursuant to the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983.

2. Documents are required to be exchanged as a matter of course, and it is anticipated that documents will be requested to be exchanged formally, under the Federal Rules of Civil Procedure.

3. Some or all documents and information that are exchanged in this matter are expected to contain confidential and/or proprietary information including, but not limited to, medical records, investigatory materials and other confidential information relating to individuals not party to this suit, all of which require protection against unrestricted disclosure and use. Confidential information will also include any information produced in discovery that is within or derived from the following categories of information:

   i. Material protected under the Criminal History Records Information Act, 18 Pa. C.S. §§ 1901 *et seq.*;

   ii. Personnel and/or employment history/profile of any Port Authority employee, past or present; and

   iii. Medical records or other personal health information.

4. Notwithstanding the foregoing paragraph, any information that is in the public domain at the time that the information is produced or information that becomes part of the public domain in a manner that does not violate this protective order shall not be considered confidential information subject to this order.

5. The parties hereby agree that the documents and information produced in this matter are being produced under this Stipulation and its protection of confidentiality and thus shall not be delivered, exhibited, disclosed or communicated to anyone other than the following:

   i. The parties to this case;

   ii. Counsel of record for the parties and attorneys employed by counsel of record and/or their respective law firms, or by any parties who assist, supervise or monitor the prosecution and/or defense of this matter;

   iii. Paralegal, stenographic, clerical or other employees of counsel of record and of their respective law firms in this matter;

   iv. Court reporters and employees of court reporters engaged by counsel of record to transcribe testimony in connection with this matter;

      v.    Independent experts and consultants employed by counsel for the parties to assist in the preparation or trial of this matter, and any present or former employee of a party, expert or consultant required to assist counsel in preparation, provided that each consultant or expert first executes a copy of the Agreement Concerning Confidentiality attached as Exhibit A; and

      vi.    The court, including any appellate court, the jury and employees of the court.

6. Any party producing documents which are entitled to be protected from public disclosure pursuant to this Stipulation shall be marked as "Confidential" in any matter that Party deems fit, including, but not limited to, marking such document "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER IN W.D.PA. CASE NO. 2:17-CV-1599.

7. This Stipulation shall remain in effect for the duration of this matter unless terminated by stipulation executed by counsel of record for the parties, or by order of court.

8. The provisions of this Stipulation shall continue and be binding after the termination of this action unless the court orders otherwise.

9. A Party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. If any Party disagrees at any stage of these proceedings with the designation of any information as "Confidential", or reasonably believes that the other party is abusing the use of such designations, the Parties shall make a good faith attempt to resolve the dispute. If the Parties cannot resolve the dispute, the party contesting the confidentiality of the material may, by sealed motion setting forth with specificity the items challenged, seek and order freeing the material in question from the designation and status as "Confidential".

10. Within 30 days of the conclusion of all proceedings in this matter, all documents which have been marked "Confidential" pursuant to this Stipulation shall be returned to counsel for the party that produced them or destroyed and certified of the same.

11. Any party may apply to the court for an order directing the clerk of courts to return to the producing party any document or material designated "Confidential" or directing the clerk to destroy such document.

12. If any party or non-party seeks to file confidential information with the Court or to use confidential information in open court before trial, then that party or non-party shall either move to file the confidential information under seal or move to de-designate the confidential information. Any party or non-party seeking to file a document under seal must comply with the Court's Local Civil Rules.

**STIPULATED TO:**

| | |
|---|---|
| Noah Geary Law Firm | Evashavik Law, LLC |
| By: */s/ Noah Geary* <br>      Noah Geary, Esq. <br>      *Counsel for Plaintiffs* | By: */s/ Gregory A. Evashavik* <br>      Gregory A. Evashavik, Esq. <br>      *Counsel for Defendants* |
| | By: */s/ Nicholas J. Evashavik* <br>      Nicholas J. Evashavik, Esq. <br>      *Counsel for Defendants* |

**BY THE COURT,**

_____
Nora Barry Fischer
Senior United States District Judge