# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CALISIA KELLEY and JOHNNIE MAE KELLEY**, Co-Administrators of the **ESTATE OF BRUCE KELLEY JR.**, deceased, </br></br>  Plaintiffs, </br></br> Vs. </br></br> **BRIAN O'MALLEY,** both in his Official and Individual Capacities as Sergeant for the Allegheny County Port Authority and **DOMINIC RIVOTTI**, in both his Official and Individual Capacities as Officer for the Allegheny County Port Authority**,** </br></br>  Defendants, Jointly and Severally. | Civil Action No. 2:17-cv-1599 NBF </br></br> **TYPE OF PLEADING**: </br></br> **PLAINTIFFS' PETITION FOR IN CAMERA REVIEW OF COUNSELING/THERAPY RECORDS OF OFFICERS.** </br></br> **NATURE OF COMPLAINT:** </br> Section 1983 Civil Rights Action </br> Excessive/Deadly Force </br></br> **FILED ON BEHALF OF**: </br> Calisia Kelley and Johnnie Mae Kelley, Co-Administrators of the Estate of Bruce Kelley, Jr., deceased. </br></br> **BY:** </br> Noah Geary, Esquire </br> Suite 225 </br> Washington Trust Building </br> Washington, PA 15301 </br> 724-222-3788 </br> PA ID 78382 </br></br> November 6, 2020 |

**JURY TRIAL DEMANDED.**

1

**PLAINTIFFS' PETITION FOR IN CAMERA REVIEW OF COUNSELING/THERAPY RECORDS OF OFFICERS.**

**AND NOW COME** the Plaintiffs, Calisia Kelley and Johnnie Mae Kelley, Co-Administrators of the Estate of Bruce Kelley, Jr., deceased, through their lawyer, Noah Geary, and respectfully request as follows:

*Certification:*

*The undersigned counsel hereby Certifies that he and defense counsel conferred about this issue and attempted in good faith to resolve it without Court Intervention.*

*November 6, 2020*                                                    /s/ Noah Geary, Esquire

Nature of case/background.

1. This is a Section 1983 civil rights deadly force case wherein the Defendant Police Officers shot Plaintiffs' son/brother 7 times - including twice in the back - killing him, after a failed K-9 Officer apprehension attempt.

2. Plaintiffs' deceased, Bruce Kelley, had an interaction with two Port Authority Police Officers in/near a Gazebo in Wilkinsburg, Pittsburgh on January 31, 2016.

3. The initial interaction was with Officers Emily Hampy and Thomas Adams.

4. This interaction led to calls for back-up during which the Defendant Officers, Ravotti and O'Malley, responded.

5. O'Malley deployed his K-9 to apprehend Mr. Kelley, who slashed at the dog.

6. O'Malley and Ravotti then started shooting Kelley.

7. O'Malley fired 10 shots at Kelley.

8. Ravotti fired 2 shots.

**9.     The Defendants' deposition testimony indicates that the first 2 shots were in Kelley's back when he was facing away from the Defendant Officers.**

*Request herein.*

10.     Depositions established that all four of the primary Officers involved in this incident, Emily Hampy[1], Thomas Adams and the two Defendants underwent counseling/therapy regarding this incident. The Officers' renditions of what occurred during the counseling sessions may contradict their testimonies and provide valuable impeachment material for cross-examination of them at trial.

11.     On August 20, 2020 Plaintiffs' counsel served upon defense counsel a Subpoena Duces Tecum seeking, inter alia, the Counseling Records of all 4 Officers *(See #Number 46 of the Schedule, Exhibit A, attached to simultaneously-filed Motion for a Protective Order).*

12.     Defense counsel responded to the Subpoena, and objected to the production of Hampy and Adams' records as not relevant. (*See attached response, Exhibit B).* Defense counsel agrees that the counseling/therapy records of the Defendant Officers O'Malley and Hampy are discoverable.

13.     The discoverability of the records of Hampy and Adams is the subject of a simultaneously-filed Motion to Compel.

14.     Plaintiffs herein request that the Court conduct an *in camera* review of the counseling records of all four Officers (those of Hampy and Adams if deemed discoverable by this Court) to protect the privacy interests of the Officers.

15.     This is because Defense counsel has raised the prospect that issues unrelated to this incident may have been discussed during the counseling sessions.

---

[1] Hampy is no longer in Law Enforcement. She is now married and her name is Emily Hampy Niebel.

3

16. Counsel conferred in good faith on how to resolve this issue without this Court's intervention.

17. Plaintiffs' counsel proposed that the parties and their counsel enter into a Confidentiality Agreement regarding the records. Defense counsel declined because it was felt that this would still violate the privacy interests of the Officers.

18. Defense counsel proposed that he review the records and give to Plaintiff's counsel what defense counsel thought relevant to the case. Plaintiffs' counsel declined because the Plaintiffs did not wish to rely on defense counsel as being the gatekeeper of what was furnished to them in discovery.

**WHEREFORE**, the Plaintiffs respectfully request that this Court grant this Petition and conduct an *in camera* review of these records or provide any other relief it deems appropriate to resolve this issue.

Respectfully submitted,

/s/ Noah Geary
Noah Geary, Esquire
Washington Trust Building
Suite 225
Washington, PA 15301
(724) 222-3788
PA I.D.#: 78382
November 6, 2019

**CERTIFICATE OF SERVICE:**

I, Noah Geary, Esquire, do hereby certify that a true copy of the foregoing **PETITION FOR IN CAMERA REVIEW OF RECORDS** was served via electronic mail on November 6, 2019 to the below-listed counsel of record:

Greg Evashavik, Esquire
*(Counsel for Port Authority Defendants)*

Respectfully submitted,

/s/ Noah Geary
Noah Geary, Esquire
Washington Trust Building
Suite 225
Washington, PA 15301
(724) 222-3788
PA I.D.#: 78382