# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALISIA KELLEY and JOHNNIE MAE KELLEY, Co-Administrators of the ESTATE OF BRUCE KELLEY JR., deceased<br><br>Plaintiffs,<br><br>vs.<br><br>BRIAN O'MALLEY, both in his Official and Individual Capacities as Sergeant for the Allegheny County Port Authority, and DOMINIC RIVOTTI, in both his Official and Individual Capacities as Officer for the Allegheny County Port Authority,<br><br>Defendants. | CA No. 2:17-cv-1599-NBF<br><br>Judge Nora Barry Fisher |

## ALLEGHENY COUNTY DISTRICT ATTORNEY'S OFFICE'S MOTION FOR PROTECTIVE ORDER

Non-party, the Allegheny County, Pennsylvania, District Attorney's Office ("DA's Office"), by and through its undersigned counsel, states the following in support of this Motion:

1. On November 6, 2020, Plaintiffs, Calisia Kelley and Johnnie Mae Kelley, Co-Administrators of the Estate of Bruce Kelley Jr., deceased ("Plaintiffs"), served on the DA's Office a subpoena, a true and correct copy of which is attached hereto as Exhibit A, seeking:

> A copy of your Office's file and investigative file (excluding attorney work product) regarding the January 31, 2016 shooting death of Bruce Kelley, Jr. by PAT Officers O'Malley and Ravotti in Wilkinsburg, including but not limited to all investigative reports of Detectives/employees/agents of your Office as well as documentation of all communications with the Allegheny County Department regarding this incident and your investigation thereof, including any/all documentation regarding who shot Kelley in the back, twice.

2. The information and documents in the DA's Office's file responsive to the Subpoena consists of investigative information which the Pennsylvania Criminal History Records Information Act, 18 Pa. C.S. § 9101, *et seq*. ("CHRIA") prohibits the DA's Office from disseminating to anyone other than a criminal justice agency.

3. Attached hereto as Exhibit B is a list of documents from the DA's Office's file responsive to the Subpoena divided into two parts: part A lists documents that are responsive and confidential pursuant to CHRIA; and, part B is a list of documents that are responsive and both confidential pursuant to CHRIA and covered by the attorney work product and/or attorney client privilege all of which are confidential pursuant to CHRIA.

4. The DA's Office objects to producing the documents that are protected from discovery by the work product doctrine and/or the attorney client privilege and the DA's Office additionally objects to producing the responsive non-privileged investigative information on the ground that such dissemination, in violation of CHRIA, would be annoying, oppressive and unduly burdensome.

5. More specifically, the documents and information in the file constitute "investigative information" which is defined in CHRIA as "information assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing and may include modus operandi information." 18 Pa. C.S. § 9102.

6. The DA's Office is a "Criminal Justice Agency" (see, 18 Pa. C.S. § 9102 and 37 Pa. Code § 601.2), and CHRIA prohibits the DA's Office from disseminating investigative information to anyone other than criminal justice agencies. 18 Pa. C.S. §§ 9106(c)(4) and 9121(d); 37 Pa. Code 601.7; *In Re: Pittsburgh Citizen Police Review Board*, 16 Pa. D. & C. 5th

435 (2010); *Department of Auditor General v. Pennsylvania State Police*, 844 A.2d 78 (Pa. Cmwlth. 2004); *In Re: Cullen*, 2007 Pa. Dist. & Cnty. Dec. LEXIS 1 (2007).

7. Dissemination of the information could subject the DA's Office and its employees to administrative penalties, including loss of access to other criminal justice agencies' information, damages, injunction, and, as to employees, discharge, suspension, reduction in grade, transfer or other formal discipline. 18 Pa. C.S. §§9181 and 9183; 37 Pa. Code § 601.11. The dissemination of information could also subject the DA's Office to civil liability.

8. The subpoenaing party in this action is not a criminal justice agency. Therefore, the DA's Office's production of the documents and information in its file responsive to the Subpoena will cause the DA's Office annoyance, oppression and undue burden.

9. Although CHRIA does not create a federal privilege, this Court, through Judge McVerry in a Memorandum Order entered in the case of *Slusar v. Harff*, 2:11-cv-1311 (W.D. Pa. June 6, 2012)(copy attached hereto as Exhibit C) granted a protective order under similar circumstances limiting the disclosure of CHRIA covered investigative information.

10. In recognition of the prohibition against the DA's Office providing documents and information covered by CHRIA, and in accordance with the reasoning in Judge McVerry's Memorandum Order attached as Exhibit C hereto, the DA's Office respectfully seeks a Protective Order from this Court in the form attached hereto as Exhibit D.

11. Although Plaintiffs, by and through their counsel of record, have consented to the entry of the proposed Protective Order attached hereto as Exhibit D, counsel for the Defendants remaining in the case, Defendants Brian O'Malley and Dominic Rivotti, has not consented to the entry of the proposed Protective Order.

WHEREFORE, it is respectfully requested that this Honorable Court enter the proposed Protective Order attached hereto as Exhibit D.

    Respectfully submitted,

    **BRUCKER & PORTER**
    By: /s/ Joseph G. Heminger
    Joseph G. Heminger, Esq.
    PA ID #  81780

    180 Fort Couch Rd., Suite 410
    Pittsburgh, PA  15241
    Email: jgheminger@aol.com
    **Attorney for Allegheny County**
    **District Attorney's Office**

CERTIFICATE OF SERVICE

I, Joseph G. Heminger, do hereby certify that the foregoing Allegheny County District Attorney's Office's Motion for Protective Order was filed on the below date with the Court's electronic filing system and thereby served upon all counsel of record.

| | |
|---|---|
| Date: 1/22/21 | /s/ Joseph G. Heminger |
| | Joseph G. Heminger |
| | Attorney ID No. 81780 |