IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALISIA KELLEY and JOHNNIE MAE KELLEY, Co-Administrator of the ESTATE OF BRUCE KELLEY JR., deceased,<br><br>    Plaintiffs,<br><br> vs.<br><br>BRIAN O'MALLEY, both in his Official and Individual Capacities as Sergeant for the Allegheny County Port Authority, and DOMINIC RIVOTTI, in both his Official and Individual Capacities as Officer for the Allegheny County Port Authority,<br><br>    Defendants. | CA No. 2:17-cv-1599-NBF |

## **PROTECTIVE ORDER**

Plaintiffs, Defendants, (Plaintiff and Defendants referred to herein singularly as a "Party or collectively as the "Parties"), and the Allegheny County, Pennsylvania, District Attorney's Office ("DA's Office"), a non-party, are hereby bound to and must comply with the following Protective Order, which the Court hereby enters:

1. All documents or other information produced or provided by the DA's Office in the course of this litigation shall be subject to this Protective Order upon the DA's Office's designation of such information as "Confidential pursuant to CHRIA." Such designation shall be marked on only those documents or other information which DA's Office believes in good faith constitutes material covered by, and properly treated as investigative information under the Criminal History Records Information Act, 18 Pa.C.S. §§ 9101 *et seq.* ("Protected Information"). This Protective Order shall not apply to information or documents produced and or disclosed from sources other than the DA's Office or its agents, attorneys or employees.

2. This Protective Order shall apply, for example, to Protected Information produced and/or disclosed by DA's Office to any Party in this case including, but not necessarily limited to, information and/or documents produced in response to any party's: (a) subpoena or request seeking production of documents from the DA's Office; (b) interrogatories that require the DA's Office's assistance to answer; and (c) depositions of the DA's Office's personnel. All portions of depositions to which the DA's Office objects as "Confidential pursuant to CHRIA" shall be so designated by the court reporter who transcribes the deposition.

3. The disclosure of Protected Information marked and/or designated as "Confidential pursuant to CHRIA" shall be strictly limited to: (a) the attorneys (and their staff and contractors) involved in the litigation of this matter; (b) stenographic or court reporters involved in the transcription of testimony in this action; (c) witnesses at deposition or trial who are named in or subject of the documents; and (d) as provided in paragraph 5 of this Protective Order. The Protected Information shall be utilized by the Parties solely in this action or as otherwise authorized in this Protective Order, and for no other purpose.

4. Any person (other than the Parties and their attorneys) who is to obtain access to Protected Information pursuant to Paragraph 3 shall, prior to receipt of such confidential documents or information: (a) be informed by the party providing access to such Protected Information of the terms of this Order; (b) agree in writing to be bound by the terms of this Order; and (c) submit to the authority of this Court for enforcement of this Order.

5. To the extent that such Protected Information relates to any of the Parties to this case, the contents of the Protected Information designated "Confidential pursuant to CHRIA" may be quoted or referred to in pleadings, briefs, memoranda or other papers filed with the Court, or in depositions conducted in this case, and may be made exhibits to such pleadings, briefs, memoranda

or other court papers so long as all such quoted language and/or exhibits are filed under seal in accordance with the Federal and Local Rules of Civil Procedure and Electronic Court Filing rules and regulations applicable to the filing and utilization of confidential information contained in court filed documents and/or exhibits.

6. Materials designated as "Confidential pursuant to CHRIA" may be used in open court and admitted into evidence without limit, unless DA's Office or any party first secures an order which otherwise limits the use of such documents.

7. With regard to the DA's Office's production of Protected Information it designates as "Confidential pursuant to CHRIA", at any point during the pendency of the underlying litigation, a Party may object to the CHRIA designation by a letter to counsel for the DA's Office, with copies to all counsel of record. If the dispute cannot be resolved by negotiations between DA's Office and an objecting party, the Party objecting to the designation shall file a motion, in which it requests: (1) an Order requiring that the affected documents or information not be designated as "Confidential pursuant CHRIA", filed with the Court under seal; and (2) expedited disposition of the motion by the Court.

8. No further disclosure shall be permitted without the Order of this Court.

9. Nothing herein shall affect or inhibit the right of any Party to admit into evidence at trial any information or document protected herein, or to object to the admission into evidence of any such information or documents.

10. At the conclusion of this case, including appeal(s), if any, the Parties and their attorneys of record shall promptly destroy all Protected Information produced by the DA's Office and designated as "Confidential pursuant to CHRIA", as well as all copies thereof.

11. It is ordered by the Court that this Protective Order will be enforced by the sanctions set forth in the Federal and Local Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold Parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

12. This Protective Order does not affect or in any way limit the ability to raise any other objections to producing documents or information even if the documents or information are designated "Confidential pursuant to CHRIA".

So ORDERED, this __3rd__ day of _____February_____, 2021

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge