IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALISIA KELLEY and JOHNNIE MAE KELLEY, Co-Administrators of the ESTATE OF BRUCE KELLEY JR., deceased, <br><br> Plaintiffs, <br><br> v. <br><br> BRIAN O'MALLEY, both in his Official and Individual Capacities as Sergeant for the Allegheny County Port Authority and DOMINIC RIVOTTI, in both his Official and Individual Capacities as Officer for the Allegheny County Port Authority, <br><br> Defendants. | Civ. A. No. 2:17-cv-01599-NBF <br> Judge Nora Barry Fischer |

## MEMORANDUM ORDER

Presently before the Court are Plaintiffs Calisia Kelley, et al.'s discovery motions seeking the production of Defendant Brian O'Malley's private counseling/therapy records arising from his treatment with licensed psychologist Gregory Nicosia, Ph.D. of Advanced Diagnostics, P.C., ("Advanced Diagnostics records"), and Defendants' opposition thereto. (Docket Nos. 55; 56; 64; 65; 72). The remaining dispute has been the subject of exhaustive briefing from the parties and supported with various evidentiary materials. (Docket Nos. 84; 101; 107; 108; 111; 112; 117). The Court also conducted an *in camera* review of the Advanced Diagnostics records, which consisted of reviewing the records themselves, conducting an *in camera* session with Dr. Nicosia with a court reporter at which time he clarified his handwriting set forth in his treatment notes, and reviewing the sealed transcript of same. (Docket Nos. 73; 75; 79). After careful consideration of the parties' positions, in light of the relevant standards, and for the following reasons, Plaintiffs' motions seeking production of the Advanced Diagnostics records and the sealed transcript are

DENIED as the Court holds that the requested documents are protected from disclosure by the psychotherapist privilege set forth by the Supreme Court of the United States in *Jaffee v. Redmond*, 116 S. Ct. 1923 (1996) and Plaintiffs have failed to show that the privilege was waived.

Since the Court writes primarily for the parties and the facts and circumstances of this § 1983 case alleging excessive force arising from the officer involved shooting of Bruce Kelley, Jr. on January 31, 2016 are stated in other opinions by this Court and the Court of Appeals, the Court turns first to the governing legal standards.  See *Kelley v. O'Malley*, 328 F. Supp. 3d 447 (W.D. Pa. Sept. 13, 2018), *aff'd, in part, vac'd in part, and remanded*, 787 F. App'x 102 (3d Cir. 2019). To that end, "[i]ssues relating to the scope of discovery permitted under the Federal Rules of Civil Procedure rest in the sound discretion of the court." *Samuel, Son & Co. Inc. v. Beach*, Civ. A. No. 13-128E, 2014 WL 5089718, at *3 (W.D. Pa. Oct. 9, 2014).  Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any <u>nonprivileged</u> matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added).  A party moving to compel has the burden of proving the relevance of the requested information. See *Trask v. Olin Corp.*, 298 F.R.D. 244, 263 (W.D. Pa. 2014).  A party resisting disclosure on the basis of a privilege has the burden to prove that the privilege applies.  See e.g., *In re Grand Jury*, 705 F.3d 133, 160 (3d Cir. 2012).  Finally, a party claiming that a privilege was waived carries the burden to demonstrate the waiver.  See e.g., *Rhoads Ind., Inc. v. Building Materials Corp. of America*, 254 F.R.D. 216, 223 (E.D. Pa. Nov. 14, 2008) ("A party claiming waiver has the burden of proof as to waiver.").

Relevant here, Rule 501 of the Federal Rules of Evidence and the Supreme Court's decision in *Jaffe* establish a psychotherapist privilege protecting confidential communications between a patient and his psychiatrists, psychologists, and/or social workers for the purpose of diagnosis or

treatment from compelled disclosure. *See Revelle v. Trigg*, 1999 WL 80283, at *6 (E.D. Pa. Feb. 2, 1999) (citing *Jaffe*, 518 U.S. at 15). "The privilege protects conversations and the notes taken during confidential counseling sessions." *Barrett v. Vojtas*, 182 F.R.D. 177, 178 (W.D. Pa. Sept. 30, 1998) (citing *Jaffe*, 518 U.S. at 15). The Court's evaluation of the privilege is not subject to balancing of the patient's privacy interests against the evidentiary need for the information by the party seeking same and all communications made during the confidential sessions are protected from disclosure. *See Jaffe*, 518 U.S. at 18; *see also United States v. Fattah*, 914 F.3d 112, 178 (3d Cir. 2019) (affirming denial of access to witness's mental health records as such records are generally privileged and protected from disclosure). With that said, the privilege may be waived by the patient through disclosure to a third party undermining the confidentiality of the counseling and/or treatment or by the patient placing his mental and emotional health at issue in the litigation. *See e.g., Barrett*, 182 F.R.D. at 178 ("A police officer who is ordered to therapy, knowing that the therapist will report back to his or her superior, would have no expectation that his or her conversation was confidential."); *see also Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127, 130 (E.D. Pa. 1997) (citing *Jaffee*, 116 S. Ct. at 1932) ("a party waives the privilege by placing her mental condition at issue."). A privilege may also be waived if it is not timely asserted by the party in accordance with the Federal Rules. *See* Fed. R. Civ. P. 26(b)(5)(A)(i).

At the outset, Defendants agreed that records from O'Malley's meeting with a representative from the Port Authority of Allegheny County's ("PAT") Employee Assistance Program on February 10, 2016 were not privileged and produced them to Plaintiffs.[1] (*See* Docket

---

[1] Defendants have also confirmed that they are not in possession of any counseling/treatment records of non-party witness Officer Hampy and they have verified that she does not recall the name of the counselor or therapist with whom she treated following this incident. As such, the Court was unable to conduct an *in camera* review of any materials from such session and the motion seeking to compel the Defendants/Port Authority of Allegheny County to produce such records must be denied, as moot. The Court further holds that Third Circuit precedent otherwise supports the denial of the motion to compel the production of private mental health records of a non-party witness. *See Fattah*, 914 F.3d at 178.

3

No. 84 at 1). Hence, the present dispute involves only the Defendants' withholding of the Advanced Diagnostics records from O'Malley's counseling/treatment sessions which took place in March and April of 2016 and the sealed transcript from the Court's *in camera* review of the records. (Docket Nos. 84; 101; 117). Plaintiffs lodge several objections to the non-production of such records: 1) Nicosia's qualifications are insufficient for the psychotherapist privilege under *Jaffe* and Rule 501 to apply; 2) Defendants' assertion of the privilege was waived during this litigation based on their alleged admissions set forth in written discovery and in briefs filed with the Court; 3) Defendants untimely asserted the privilege in supplemental briefing; and, 4) Defendants waived the privilege by placing O'Malley's mental and emotional health at issue in this litigation. (Docket No. 101). Defendants counter that the privilege was timely invoked, that Plaintiffs' objections should be overruled and that the assertion of privilege should be upheld. (Docket Nos. 84; 117).

Having conducted an *in camera* review of the Advanced Diagnostics records and sealed transcript, it is this Court's opinion that Defendants met their burden to demonstrate that the psychotherapist privilege under Rule 501 and *Jaffe* applies to the withheld records. To that end, *Jaffee* is controlling authority from the Supreme Court and akin to this case, upheld an officer's invocation of the privilege to protect her counseling records from disclosure in a § 1983 lawsuit alleging that she used excessive force by shooting and killing the decedent. *See Jaffe*, 518 U.S. at 9-10. The Supreme Court recognized in *Jaffe* that the psychotherapist privilege "cover[ed] confidential communications made to licensed psychiatrists and psychologists" and extended the privilege to "confidential communications made to licensed social workers" for the purpose of diagnosis and treatment.[2] *Id.* at 15.

---

[2] The Court notes that it appears that Pennsylvania law governing such privileges may be even stronger, as codified in 42 Pa.C.S. § 5944. To that end, in *Farrell v. Regola*, 150 A.3d 87 (Pa. Super. Ct. 2016), it was alleged

Here, Dr. Nicosia's qualifications set forth in his curricula vitae plainly demonstrate that he is a licensed psychologist in the Commonwealth of Pennsylvania and Plaintiffs have presented no evidence to the contrary. (Docket No. 117-1). In addition, the Court's review of the Advanced Diagnostics records and the sealed transcript of the *in camera* discussion with Dr. Nicosia establish that his sessions in March and April of 2016 were conducted for the purposes of diagnosis and treatment of O'Malley. (Docket No. 79). Unlike the records from the PAT Employee Assistance Program which were produced to Plaintiffs, and many of the cases cited in their briefs, there are no indications in the record that the counseling sessions were ordered by, paid for, or would be disclosed to O'Malley's employer, PAT. (*See* Docket Nos. 84; 101). Indeed, the Court's review of these matters confirm Defendants' assertions that these were private counseling sessions voluntarily undertaken by O'Malley separate and apart from the assessment conducted through the PAT Employee Assistance Program, the records of which have been produced. For all of these reasons, Defendants have met their burden to show that the psychotherapist privilege applies to the Advanced Diagnostics records and sealed transcript.

Moving on, the Court next rejects Plaintiffs' theories that the psychotherapist privilege was waived by Defendants based on: their alleged admissions in briefs and other discovery; the timeliness of the assertion of the privilege; and by O'Malley purportedly placing his own mental and emotional health at issue in defense of this case. (*See* Docket No. 101).

With respect to the alleged admissions made by Defendants in their Response at Docket No. 65, it is well settled that to be binding, a judicial admission in a brief or pleading "must be unequivocal" and "must be [regarding] statements of fact that require evidentiary proof, not

---

that the plaintiff's minor son had been shot and killed by the defendant's son. The defendant-mother engaged in counseling and therapy following the incident with a social worker and the Superior Court reversed a trial court decision to conduct an *in camera* review of the defendant's therapy records and its order to produce statements made by the mother concerning the events at issue in the lawsuit. *Id.*

statements of legal theories." *In re Teleglobe Comm. Corp.*, 493 F.3d 345, 377 (3d Cir. 2007) (citing *Glick v. White Motor Co.*, 458 F.2d 1287, 1291 (3d Cir. 1972)). Consequently, the Court of Appeals has held that a party's responses "couched in alternative language" that documents were subject to production in a case if a legal ruling was made that a common interest existed between several parties did not constitute binding judicial admissions. *Id.* The same is true here. Defendants' Response at Docket No. 65 plainly sets out alternative legal theories both objecting to the disclosure of any counseling/therapy records on the basis of privilege/privacy of the officers and further contesting the relevance of any records involving matters unrelated to the facts underlying this case. (*See* Docket No. 65 at ¶ 10). Beyond that, Docket No. 65 reveals that defense counsel "offered" to obtain and review any records and qualified that the "only" discoverable portions of same would be the officers' statements, reports or recitations of the facts of the underlying incident. (*Id.*). Regardless, Plaintiffs' own briefs make clear that they rejected any such offer from defense counsel and no agreement was reached, leading to the instant motions practice. (*See* Docket No. 101 at 3 (citing Docket No. 57 at ¶ 18) ("The Plaintiffs were not comfortable with defense counsel being the 'gatekeeper' to the discoverable records" and proceeded to file three discovery motions related to these records)). Further, any admissions by Chief Matthew Porter of the PAT Police in response to the subpoena served on him that the mental health records of the two Defendant officers, including O'Malley, were relevant to the case are neither binding on O'Malley nor undermine his invocation of the psychotherapist privilege. (*See* Docket No. 55, Ex. B. at ¶ 42).

As to the purported untimeliness of the Defendants' assertion of the psychotherapist privilege, the Court finds that they appropriately complied with Rule 26(b)(5)(A)(i)-(ii) and this Court's Orders in light of the totality of the facts and circumstances of the case. Rule 26(b)(5)(A)

provides that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged […], the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed –and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii). This Court has recognized that blanket, conclusory invocations of a privilege are insufficient and generally requires that parties serve a detailed privilege log on opposing counsel delineating the privilege on a document-by-document basis. *See e.g., Reynolds v. Slippery Rock Univ., et al.*, Civ. A. No. 18-1571, 2021 WL 796029, at *5 (W.D. Pa. Mar. 2, 2021) (citations and quotations omitted). However, the practical reality of this matter is that O'Malley complied with the Court's Orders by specifically asserting the psychotherapist privilege in a brief the Court ordered him to file after his counsel had been supplied with the sealed transcript of the *in camera* session with Dr. Nicosia. (Docket Nos. 80; 83). While the Court agrees with Defendants that they generally raised the privilege and privacy of the records in earlier filings, this was all done before defense counsel even obtained the challenged records and it was simply not possible for the defense to produce a detailed privilege log until on or about December 23, 2020 when they were provided with the sealed transcript interpreting the otherwise indecipherable handwritten records. (*See* Docket Nos. 63; 64; 65). By that point in time, the Court had already conducted its *in camera* review of the records and sealed transcript and ordered briefing on the issue but did not also order that a privilege log be produced, a step which was not necessary to the resolution of this matter. (Docket Nos. 80; 83). All told, after receiving the records, Defendants promptly raised the privilege in the manner directed by the Court. Accordingly, Plaintiffs' objections to the timeliness of the Defendants' assertion of the privilege are overruled.

Finally, the Court concurs with Defendants that O'Malley has not placed his mental and emotional health at issue by defending this § 1983 excessive force case brought against him and has not waived the psychotherapist privilege on this basis. It is well-established that a party may waive any privilege and/or privacy rights in mental health records by bringing claims asserting that another caused harm to their mental and emotional health and seeking damages for same. *See Sarko,* 170 F.R.D. at 130; *see also P.H. et al. v. Kindercare Education LLC*, Civ. A. No. 20-277, Docket No. 26 (W.D. Pa. May 14, 2020) (holding that plaintiff "waived any alleged privilege or privacy rights as to T.H.'s mental health records by placing her emotional distress directly at issue in this lawsuit and her interests in such records do not outweigh the need for the defense to fully investigate the claim for intentional infliction of emotional distress and attendant damages."). While O'Malley has made a number of admissions and raised affirmative defenses that he and the other responding officers acted as they did due to Kelley's threatening and assaultive behavior, he has not asserted any claims in this action nor done anything to place his own mental state at issue sufficient to waive the privilege for the challenged records. (Docket Nos. 32; 107). Again, the Supreme Court upheld the invocation of the psychotherapist privilege in similar circumstances in *Jaffe* and counseled district courts to avoid applying a balancing test weighing the evidentiary need of the information of the decedent's estate against the privacy rights of the involved officer. *See Jaffe*, 518 U.S. at 17 ("Making the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege."); *cf. Farrell,* 150 A.3d at 98 (noting that the privilege "can be waived when a person knew or should have known that his mental health would be called into question by filing a legal action" but "Mrs. Regola did not initiate this lawsuit, and the allegations in the complaint do not implicate her mental health. Rather, they

pertain to her actions with respect to the gun in her home."). Thus, the privilege also protects from disclosure any statements regarding the events which were made during the confidential sessions with the provider. *Id.* Once again, Plaintiffs have failed to demonstrate that the privilege was waived on these grounds.

Based on the foregoing,

IT IS HEREBY ORDERED that Plaintiffs' Motions seeking production of the Advanced Diagnostics records and sealed transcript [55] [56] are DENIED; and,

IT IS FURTHER ORDERED that as all discovery has now concluded, the parties shall adhere to the existing briefing schedule for the filing of summary judgment motions. (*See* Docket No. 106).

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

Dated: April 22, 2021

cc/ecf: All counsel of record