IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALISIA KELLEY; and JOHNNIE MAE KELLEY, Co-Administrators of the ESTATE OF BRUCE KELLEY JR., deceased,<br><br>Plaintiffs,<br><br>v.<br><br>**BRIAN O'MALLEY**, both in his Official and Individual Capacities as Sergeant for the Allegheny County Port Authority; and **DOMINIC RIVOTTI**, in both his Official and Individual Capacities as Officer for the Allegheny County Port Authority,<br><br>Defendants, | Civil Action No. 17-1599<br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' ADDITIONAL UNDISPUTED MATERIAL FACTS

AND NOW, come the Defendants by and through their undersigned counsel and file the following Response to Plaintiffs' Additional Undisputed Material Facts and state as follows:

1. This is irrelevant. The characterization of the fact as written is denied. The likely reason Kelley, Jr. walked to a garbage can and threw away his beer cans upon approach of the police was that he had been found there drinking beer in the past by Wilkinsburg police officers who informed him he was not permitted to do so and dumped out his beer. This does not create a genuine dispute of material fact. (Defendants' Appendix, Docket No. 120-1, pp. 430-436)

2.	This is irrelevant. Officer Hampy stated in the cited testimony that Kelley, Jr. wrapped his arms around the gazebo to resist arrest. This does not create a genuine dispute of material fact.

3.	It is admitted that O'Malley testified that he heard Kelley, Jr. say this. This is not a genuine dispute of material fact.

4.	This is irrelevant. It is admitted that O'Malley answered deposition questions as stated. This is not a genuine dispute of material fact.

5.	The full quote of his cited answer was: "He -- I mean the whole time he just kept yelling, like, just, like crazy stuff like 'none of this is hurting me. You --- you pussies.'" This is not a genuine dispute of material fact.

6.	This is irrelevant. Defendants object to this fact as it is unverified hearsay. Furthermore, the civilian eyewitness Danielle Smith described Kelley, Jr. as looking "crazy and angry", which constitutes the full quotation. The Zappala report states further: "She stated that she felt compelled to yell at Kelley, Jr. 'you better get down or you'll get killed.' She indicated that police immediately rendered aid to Kelley, Jr. and that they 'didn't do anything wrong.'" This is not a genuine dispute of material fact. (Plaintiffs' Appendix p. 444, Exhibit 24, D.A. Zappala's Report)

7.	This is irrelevant. Defendants admit O'Malley's deposition testimony. This is not a genuine dispute of material fact.

8.	This is irrelevant. The characterization of the testimony is misrepresented and argumentative. By the time of O'Malley's engagement with Kelley, Jr., all other means of non-lethal force had been exhausted, and he made the decision that the deployment of K-9 Aren was

appropriate as an additional use of non-lethal force in attempt to secure the compliance of Kelley, Jr. This is not a genuine dispute of material fact.

9. This is irrelevant. Moreover, O'Malley testified he did not have a chance to try to talk to Kelley, Jr. under the circumstances, which he explained. (Plaintiffs' Appendix, Docket No. 122, pp. 148-149)

10. Defendants admit the testimony of Defendant O'Malley. The balance of the averment is denied. The averment constitutes argument by counsel as written. Furthermore, this is irrelevant and is not a genuine dispute of material fact.

11. This is irrelevant. This does not constitute a genuine dispute of material fact.

12. Denied. To the contrary, Defendant O'Malley was unable to mark the exhibit presented by Plaintiffs' counsel during the deposition of O'Malley because Plaintiffs' counsel chose to rely solely on a Google Earth aerial photograph of poor quality, from a great distance with obstructed view which made it impossible to do so; despite the fact that Plaintiffs' counsel had available a multitude of scene photographs clearly depicting the subject area of the shooting, in color, and up close which would have been much more reasonable for responding to Plaintiffs' counsel's inquiry. (See Defendants' Reply to Plaintiffs' Memorandum of Law in Opposition to Defendants' Summary Judgment Motion). Plaintiffs describe the exhibit about which O'Malley was questioned as "his own exhibit" when in fact O'Malley did not create this exhibit. Rather, the exhibit was included in the Timeline of Events prepared by a different Port Authority police officer as part of the investigation (Defendants' Appendix, Docket No. 120-1, pp. 601-620). This does not create a genuine dispute of material fact.

13. This is irrelevant. This is not a genuine dispute of material fact.

14. Denied. See response to No. 12 stated above, which is incorporated herein by reference.

15. This is irrelevant. This is not a genuine dispute of material fact.

16. No such numbered paragraph appears in Plaintiffs' Additional Undisputed Material Facts.

17. This is irrelevant. Furthermore, this is denied. There is no record evidence that Defendant O'Malley violated Port Authority policy by not completing certain written reports as was explained in detail by Officer O'Malley, and also Port Authority Police Chief Matthew Porter, because his recorded, narrative statement provided to the Allegheny County homicide detectives investigating the shooting constituted his report of the occurrence, as he explained in the cited testimony. This does not create a genuine dispute of material fact.

18. This is irrelevant. This constitutes argument. This is denied. See response to No. 17 above, which is incorporated here by reference. This does not create a genuine dispute of material fact.

19. This is irrelevant. The testimony of Officer Kaupinis speaks for itself. This is not a genuine dispute of material fact.

20. This is irrelevant. The testimony is admitted. This is not a genuine dispute of material fact.

21. This is irrelevant. The condition of wind on the day of the occurrence is not disputed in the record. This is not a genuine dispute of material fact.

Respectfully submitted,

Evashavik Law, LLC

*/s/ Gregory A. Evashavik*
Gregory A. Evashavik, Esq.

*/s/ Nicholas J. Evashavik*
Nicholas J. Evashavik, Esq.
(*Attorneys for Defendants*)

## **CERTIFICATE OF SERVICE**

We hereby certify that a true and correct copy of the within *Defendants' Response to Plaintiffs' Additional Undisputed Material Facts* has been served upon the following parties via electronic service:

Noah Geary, Esquire
*(Counsel for Plaintiffs)*

*/s/ Gregory A. Evashavik*
Gregory A. Evashavik, Esq.

*/s/ Nicholas J. Evashavik*
Nicholas J. Evashavik, Esq