IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALISIA KELLEY and JOHNNIE MAE KELLEY, Co-Administrators of the ESTATE OF BRUCE KELLEY JR., deceased,<br><br>    Plaintiff,<br><br> v.<br><br>**BRIAN O'MALLEY**, both in his Official and Individual Capacities as Sergeant for the Allegheny County Port Authority; and **DOMINIC RIVOTTI**, in both his Official and Individual Capacities as Officer for the Allegheny County Port Authority,<br><br>    Defendants, | Civil Action No. 17-1599<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' SUPPLEMENTAL BRIEF

AND NOW, COME Defendants, Brian O'Malley and Dominic Ravotti (collectively, "Defendants"), by their undersigned counsel, and file the within Supplemental Brief in response to this Court's Order dated August 10, 2021.

The Court directed both parties to file supplemental briefs addressing the applicability of the United States Supreme Court's decision in Lombardo v. City of St. Louis, Missouri, 141 S. Ct. 2239, 2021 WL 2637856 (2021), to the facts of the present case. Defendants submit that Lombardo has no applicability to the facts here.

Lombardo does not change in any way the law this Court must apply in considering and deciding Defendants' pending Motion for Summary Judgment. The Lombardo decision merely confirms the applicable law to be considered by courts in evaluating excessive force claims.

Defendants have cited the applicable legal precedent in their earlier briefs, and that precedent continues to be controlling and was unchanged by Lombardo.

The facts in Lombardo are also vastly different from the facts in the present case. The Lombardo decision is clearly fact specific to law enforcement's use of a prone restraint. There, six officers were in a jail cell with Plaintiffs' Decedent, who was handcuffed and in leg irons, was moved to a prone position, and placed face on the floor, while three of the officers held him down and one of the officers applied pressure on his back and torso. Plaintiffs' Decedent exclaimed that they were hurting him and asked them to stop. This continued for fifteen minutes more until Plaintiffs' Decedent stopped moving and was eventually pronounced dead.

In contrast, the undisputed facts in the present case involve Kelley, Jr. assaulting a police officer at the gazebo, brandishing a knife and threatening numerous police officers repeatedly, refusing to comply with countless verbal commands, attempting to evade and escape the police officers, numerous attempts at the use of non-lethal force against Kelley, Jr. to gain his compliance, the deployment of the police K9 who was violently stabbed by Kelley, Jr., after which Kelley, Jr. moved towards one of the Defendants, in close proximity, necessitating the use of lethal force.

The Lombardo facts thus are not relevant to and should have no bearing on this Court's consideration of Defendants' Motion for Summary Judgement. The law applicable to the facts, however, is the same and is noted by the Court in Lombardo. The legal issue is whether the police officers used unconstitutionally excessive force; and, if they did, whether Decedent's right to be free of such force in those circumstances was clearly established at the time of his death. This is precisely the legal analysis and framework provided by Defendants in their prior briefs. The Court in Lombardo ultimately did not decide the issue, rather, it remanded the case to the court below to address the facts and circumstances in the record in answering these questions.

In sum, the <u>Lombardo</u> facts are not akin to the present case, and <u>Lombardo</u> provides no new law for this Court's consideration.

WHEREFORE, Defendants again respectfully request that this Court grant their Motion for Summary Judgment previously filed and pending before this Court.

Respectfully submitted,

Evashavik Law, LLC

<u>/s/ Gregory A. Evashavik</u>
Gregory A. Evashavik, Esq.

<u>/s/ Nicholas J. Evashavik</u>
Nicholas J. Evashavik, Esq.
(*Attorneys for Defendants*)

## **CERTIFICATE OF SERVICE**

We hereby certify that a true and correct copy of the within *Defendants' Supplemental Brief* has been served upon the following parties via electronic service:

Noah Geary, Esquire
*(Counsel for Plaintiffs)*

*/s/ Gregory A. Evashavik*
Gregory A. Evashavik, Esq.

*/s/ Nicholas J. Evashavik*
Nicholas J. Evashavik, Esq