# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CALISIA KELLEY and JOHNNIE MAE KELLEY**, Co-Administrators of the **ESTATE OF BRUCE KELLEY JR.**, deceased, | Civil Action No. 2:17-cv-1599 NBF |
| | **TYPE OF PLEADING**: |
| **Plaintiffs,** | **PLAINTIFFS' FINAL BRIEF IN OPPOSITION TO SUMMARY JUDGMENT MOTION OF THE DEFENDANTS.** |
| | **NATURE OF COMPLAINT:** Section 1983 Civil Rights Action Excessive/Deadly Force |
| Vs. | **FILED ON BEHALF OF**: Calisia Kelley and Johnnie Mae Kelley, Co-Administrators of the Estate of Bruce Kelley, Jr., deceased. |
| **BRIAN O'MALLEY,** both in his Official and Individual Capacities as Sergeant for the Allegheny County Port Authority and **DOMINIC RIVOTTI**, in both his Official and Individual Capacities as Officer for the Allegheny County Port Authority, | |
| **Defendants, Jointly and Severally.** | **BY:** Noah Geary, Esquire Suite 225 Washington Trust Building Washington, PA 15301 724-222-3788 PA ID 78382 |
| | December 3, 2021 |

**JURY TRIAL DEMANDED.**

**AND NOW COME** the Plaintiffs who respectfully submit as follows:

<u>The Plaintiffs have demonstrated that the Defendants violated a clearly-established constitutional right by shooting Kelley 7 times (and shooting at him 13 times) and killing him.</u>

When determining if a clearly-established constitutional right was violated, this Court must first ask the following question: **taken in the light most favorable to the Plaintiffs**, do the facts alleged show the Officers' conduct violated a clearly-established constitutional right? <u>Brosseau vs. Haugen</u>, 543 U.S 194 (2004), at 197, citing <u>Saucier vs. Katz</u>, 533 U.S. at 201. Also, <u>Tolan vs. Cotton</u>, 572 U.S. 650 (*Our qualified immunity cases illustrate the importance of drawing inferences in favor of the non-movant*).

The clearly-established constitutional right the Defendants violated here was Kelley's 4th Amendment right under both <u>Tennessee v. Garner</u>, 471 U.S. 1 (1985) and <u>Graham vs. O'Connor</u>, 490 U.S. 386 (1989) to be free from the seizure of his body by the use of deadly/excessive force when, looking at the facts in the light most favorable to the Plaintiffs, Kelley did not pose a (i) significant and (ii) immediate threat of death or serious bodily injury to either Defendant nor anyone else. A case cited by the Defendants, <u>Lamont vs. New Jersey</u>, 637 F.3d 177 (3rd Cir. 2011) recognizes this as a clearly-established constitutional right. Defendant O'Malley's first version of the events immediately preceding he and Ravotti shooting and killing Kelley was that all Kelley did was turn his body towards the Defendants. No steps were taken by Kelley. O'Malley and Ravotti then started shooting Kelley. Looking at this in the light most favorable to the Plaintiffs, as required, the Defendant Officers violated the clearly-established constitutional right enunciated in <u>Garner</u> and <u>Graham</u>.

Regarding the clearly-established constitutional right at-issue here, the Defendants argue that this is not an "obvious case", but in so doing they are impermissibly and mistakenly asking

this Court to look at the record facts in a light most favorable **to them**, not the Plaintiffs. Obviously, this violates the Summary Judgment standard of review.

Also, this Court is asked to recall that under <u>Tennessee vs. Garner</u>, 471 U.S. 1 (1985), the question of probable cause is whether the Officers had reason to believe that Kelley had or was about to commit a crime **involving the infliction or threatened infliction of serious physical harm.** Officer Adams report of "drinking at the Gazebo" is certainly not a crime involving the infliction or threatened infliction of serious physical harm. And while the Defendant Officers here love to characterize the slashing of the dog as a gratuitous act of violence, this Court must accept the Plaintiffs' version of Kelley's slashing of the dog and give the Plaintiffs the benefit of every reasonable inference regarding this fact. Kelley did not even know there was a dog on the scene because Defendant O'Malley hid the dog behind bushes. Further, Kelley was walking away from O'Malley when O'Malley released the dog. So Kelley was suddenly attacked by an 85 pound German Shephard who bit Kelley on the back left shoulder, which would have been incredibly painful. Whatever Kelley did with the utility knife to the dog was therefore defensive in nature. It was a surprise, violent attack on Kelley's body. Kelley was merely and reasonably defending himself. Therefore, this Court cannot accept the Defendants' characterization of Kelley as "dangerous" or intent on violence regarding his interaction with the dog. Again, for the 20 minutes preceding the release of the dog, all Kelley did was (i) keep walking away from the Officers and (ii) not put the utility knife down. In no way was it *necessary* to kill Bruce Kelley.

<u>A reasonable jury could find that even the number of shots the Defendants fired at Kelley was excessive and unreasonable.</u>

A reasonable jury could find that even the number of shots fired at Kelley was excessive and unreasonable. In <u>Lamont vs. New Jersey</u>, 637 F.3d 177 (3rd Cir. 2011) – a case cited by the Defendants - our Third Circuit ruled that the continuation of a use of force, such as shooting at a suspect 39 times, is a triable issue of material fact which itself can preclude the grant of Summary Judgment. Here, O'Malley and Ravotti shot at Kelley 13 times – striking him 7 times. A jury could find this undisputed fact to be unreasonable and excessive per <u>Lamont</u>, <u>supra</u>.

This is just another reason why the Summary Judgment Motion should be denied.

The Defendants have cited to the case of <u>Brosseau vs. Haugen</u>, 543 U.S 194 (2004). But <u>Brosseau</u> only underscores that the discovery record before this Court necessitates the denial of the Defendants' Motion. In <u>Brosseau,</u> the Supreme Court explicitly directed that trial judges **not try** to answer the question of qualified immunity as a matter of law – especially when inherent, intrinsic factual disputes must be made first:

> "The question here of the Defendants entitlement to qualified immunity is a quintessentially "fact-specific" question, **not a question that judges should try to answer "as a matter of law".** Citing <u>Anderson</u>, 483 U.S. at 641. Although it is preferable to resolve the qualified immunity question at the earliest possible stage of the litigation, **this preference does not give judges license to take inherently factual questions away from the jury.** Citing <u>Hunter vs. Bryant</u>, 502 U.S. 224, 229 (1991).

<u>Brosseau</u> at 206.

In Tolan vs. Cotton, 134 S.Ct. 1861 (2014), the Supreme Court again cautioned that at the Summary Judgment stage:

> "[District] Courts must take care not to define a case's context in a manner that imports genuinely disputed factual propositions".

Tolan, at 657.

In Scott vs. Harris, 550 U.S. 372, the Court emphasized that the ultimate consideration here is the balancing of O'Malley and Ravotti's Governmental interest in stopping Kelley from merely walking away from them with a utility knife who he threatened to use on no one vs. Kelley's fundamental interest in his own life, which is so solemn it "need not be elaborated upon". Garner, at 10. In fact, the governmental "interest" at issue is in "effective law enforcement":

> "The use of deadly force is a self-defeating way of apprehending a suspect and so setting the criminal justice system in motion…
>
> It is not better that all felony suspects[1] die than that they escape".

Tennessee vs. Garner, at 11.

---

[1] Here Kelley was NOT a Felony suspect. Looking at the facts in the light most favorable to the Plaintiffs, he had at most committed a mere Summary Offense of an Open Container violation – which is not even a misdemeanor.

5

Here, the Defendants inflicted the ultimate seizure on Kelley, killing him. The required balancing of the competing interests here tips overwhelmingly in favor of Kelley and against these Defendants.

### Plaintiffs' request that this Honorable Court Certify any potential appeal of this Court's denial of Summary Judgment Motion by the Defendants as frivolous.

It is submitted that the Court's ruling on the Defendants' Motion will involve the Court not even ruling on the defense of qualified immunity due to the ocean of genuine disputes of material fact which exist here – or that the denial of qualified immunity will be inherently intertwined with factual determinations. Either way, the Defendants will not have the right to appeal from a denial of their Motion. A Government Official may only appeal from the denial of qualified immunity if the District Court denies the defense of qualified immunity and such denial turns on a "neat, abstract question of law" or a "purely" legal issue. Ortiz vs. Jordan, 562 U.S. 29 (2011). Frankly and respectfully, a denial of qualified immunity – if the defense can even be reached in light of the endless disputed facts here – on purely legal grounds will be impossible in the light of the fact-laden discovery record here.

Again, the Supreme Court has made clear:

> "When the record contains a factual issue
> not merely a legal issue, a denial of qualified
> immunity cannot be immediately appealed.
>
> Johnson vs. Jones, 515 U.S. 304 (1995).

This Court also has the authority to certify any such improperly-filed appeal as frivolous. Padgett vs. Wright, 587 F.3d 983, 984-86 (9th Cir. 2009).

<u>Conclusion.</u>

The Plaintiffs request that this Court deny the Defendants' Motion, and to certify any attempted appeal therefrom as frivolous.

Respectfully submitted,

<u>/s/ Noah Geary</u>
Noah Geary, Esquire
Washington Trust Building
Suite 225
Washington, PA 15301
(724) 222-3788
PA I.D.#: 78382

December 3, 2021

**CERTIFICATE OF SERVICE:**

I, Noah Geary, Esquire, do hereby certify that a true copy of the foregoing **BRIEF of the PLAINTIFFS** was served via electronic mail on this day to the below-listed counsel of record:

Greg Evashavik, Esquire
*(Counsel for Port Authority Defendants)*

Respectfully submitted,

/s/ Noah Geary
Noah Geary, Esquire
Washington Trust Building
Suite 225
Washington, PA 15301
(724) 222-3788
PA I.D.#: 78382

August 24, 2021