IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CALISIA KELLEY; and JOHNNIE MAE KELLEY, Co-Administrators of the ESTATE OF BRUCE KELLEY JR., deceased, | ) ) ) ) | Civil Action No. 17-1599 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BRIAN O'MALLEY, both in his Official and Individual Capacities as Sergeant for the Allegheny County Port Authority; and DOMINIC RIVOTTI, in both his Official and Individual Capacities as Officer for the Allegheny County Port Authority, | ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants, | ) | |

## DEFENDANTS' REPLY TO PLAINTIFFS' FINAL BRIEF IN OPPOSITION TO SUMMARY JUDGMENT MOTION OF THE DEFENDANTS

AND NOW, come Defendants, by and through their undersigned counsel, and file the following Reply to Plaintiffs' Final Brief in Opposition to Summary Judgment Motion of the Defendants and state as follows:

With the exception of the issue of appealability of the denial of qualified immunity which will be addressed below, the arguments raised by Plaintiffs have been previously addressed in the earlier briefs of the parties. Plaintiffs do not raise any new arguments or any new case law.

First, Plaintiffs rehash their argument that Defendants committed a Fourth Amendment violation of the rights of Kelley, Jr. in their deployment of deadly force. Plaintiffs argue that all Kelley, Jr. did was walk away from the officers, refuse to put down his knife and turn his body

towards the Defendants after stabbing K-9 Aren. Taken in the light most favorable to the Plaintiffs, the record facts do not support Plaintiffs' contention.

The undisputed record facts unequivocally demonstrate that Kelley, Jr. assaulted officers at the gazebo during the initial encounter, brandished a knife in a threatening manner, swung his knife and pointed it in the direction of officers who were attempting to arrest him, swung the knife directly at Officer Sanders who had to jump back to dodge the assault, ignored countless verbal commands to stop, drop the knife and get on the ground, was unaffected by multiple deployments of less than lethal force including pepper spray and Tasers, repeatedly stabbed K-9 Aren, turned towards the Defendants with uplifted knife and took steps directly towards Defendant O'Malley.[1] These facts demonstrate that Defendants justifiably used deadly force. Defendants' use of deadly force was objectively reasonable under the circumstances. No reasonable juror could conclude that it was unreasonable for Defendants to deploy deadly force in response to the threat Kelley, Jr. posed.

Second, Plaintiffs argue that the number of shots fired by Defendants precludes the grant of summary judgment based on the decision in Lamont v. New Jersey, 637 F.3d 177 (3d Cir., 2011). The Court in Lamont held that the officers were justified in opening fire on the plaintiff when he yanked his right hand out of his waistband, reasonably believing that plaintiff was pulling a gun on them. However, after plaintiff made this sudden movement, his right hand was visible to the officers who could see that he did not have a weapon. Nonetheless, the officers continued to fire for roughly 10 more seconds, shooting a total of 39 rounds, which could be found to be unreasonable.

In contrast, in our case Defendants fired all of their shots continuously, and for a total duration of less than 2 seconds, when Kelley, Jr. turned towards them, with uplifted bloody

---

[1] See Docket No. 121, pp. 6-8 with corresponding record citations.

2

knife, and moved towards Defendant O'Malley. Defendants immediately stopped shooting when Kelley, Jr. fell to the ground and the threat against them ended.[2]

The Lamont decision supports the reasonableness of the use of deadly force deployed by Defendants.

Third, Plaintiffs cite the case of Brosseau v. Haugen, 543 U.S. 194 (2004) and argue that the Supreme Court explicitly directed trial judges not to answer the question of qualified immunity as a matter of law. The quotation cited by Plaintiffs in their brief at page 4 is actually from the dissenting opinion of Justice Stevens. The decision of the Court in Brosseau was summarized and addressed previously by Defendants in their Memorandum in Support of Motion for Summary Judgment at page 9.[3] In Brosseau, the District Court granted summary judgment finding the officer was entitled to qualified immunity. The Court of Appeals for the Ninth Circuit reversed. The Supreme Court held the Court of Appeals was wrong on the issue of qualified immunity and reversed the Court of Appeals. Brosseau upholds the longstanding principle that if the law at the time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation. The Supreme Court has stressed that qualified immunity must be decided at the earliest possible stage in the litigation. Plaintiffs have failed to cite to any specific decision or determination by the Supreme Court or our Court of Appeals with very closely analogous facts that would establish the required notice to Defendants that the conduct they exhibited on January 31, 2016 was unconstitutional. No such case law exists.

Fourth, Plaintiffs argue that Defendants will not have the right to appeal from a denial of their summary judgment motion. This is not an issue before this Court in its decision on

---

[2] See Docket No. 120, ¶¶ 51-53, 98-104, 106, 149-156.
[3] See Docket No. 121.

3

Defendants' Motion for Summary Judgment. Plaintiffs cite the case of Johnson v. Jones, 515 U.S. 304 (1995) to support their argument. The Johnson opinion reviews a history of Supreme Court decisions holding that a District Court's order denying a defendant's motion for summary judgment is an immediately appealable order where the defendant is a public official asserting the defense of qualified immunity and the issue appealed concerned, not which facts the parties might be able to prove, but whether or not the given facts showed a violation of a clearly established right. Such a summary judgment order is immediately appealable because review after trial would come too late to vindicate an important purpose of qualified immunity – protecting public officials, not only from liability, but also from having to stand trial. Qualified immunity is an entitlement not to be forced to litigate. The Johnson opinion notes an exception to the immediate appealability of a qualified immunity determination limited to a question of "evidence sufficiency" when raised by the defendants. The officers in Johnson argued there was insufficient evidence that they did what the plaintiffs contended. Essentially, defendants argued that they did not do it. This is contrary to the defendants in our case who admit that they shot Kelley, Jr.

Again, Plaintiffs have cited no new case law pertinent to the issues to be decided by the Court. Defendants again draw the Court's attention to the two recent U.S. Supreme Court decisions cited and submitted to the Court on October 18, 2021.[4] These decisions clearly confirm the importance the Supreme Court places on upholding the doctrine of qualified immunity for police officers.

In conclusion, for the foregoing reasons and those set forth in Defendants' prior filings regarding summary judgment, which are incorporated herein, Defendants are entitled to summary judgment.

---

[4] See Docket No. 139.

Respectfully submitted,

Evashavik Law, LLC

*/s/ Gregory A. Evashavik*
Gregory A. Evashavik, Esq.

*/s/ Nicholas J. Evashavik*
Nicholas J. Evashavik, Esq.
(*Attorneys for Defendants*)

# **CERTIFICATE OF SERVICE**

We hereby certify that a true and correct copy of the within *Defendants' Reply to Plaintiffs' Final Brief in Opposition to Summary Judgment Motion of the Defendants* has been served upon the following parties via electronic service:

Noah Geary, Esquire
*(Counsel for Plaintiffs)*


*/s/ Gregory A. Evashavik*
Gregory A. Evashavik, Esq.


*/s/ Nicholas J. Evashavik*
Nicholas J. Evashavik, Esq